**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ARTHUR WADE HOLMES, # 207720,** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **CIVIL ACTION 19-0006-JB-MU** |
| **MOBILE WORK RELEASE,** *et al.,* | : | |
| **Defendants.** | : | |

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff Arthur Wade Holmes, a Houston County Jail inmate who is proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 action against officials at Mobile Work Release (work release) over his treatment. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Upon consideration, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, with leave being granted Plaintiff to file a second amended complaint.

## I. Complaint and Proceedings.

Plaintiff filed two § 1983 actions with substantially the same subject matter in the United States District Court for the Middle District of Alabama.[1] They were transferred to

---

[1] The Court in the Middle District received the complaints in these actions on November 20, 2018 (CA No. 19-0011-JB-MU) and November 29, 2018 (CA No. 19-0009-JB-MU).

this Court and consolidated into this action.[2]  (Doc. 15, PageID.37).  The complaint before the Court is an amended complaint that Plaintiff was ordered to file in the consolidated action.  (Doc. 19, PageID.54).  He names as Defendants Warden Lightner, Captain Folks, Lieutenant Travis, and Sergeant Randolf, all officials at ADOC's Mobile Work Release. (*Id.* at 5-6, PageID.57-58).  Plaintiff alleges that "between Nov-Dec 2016" while at work release, he fell from the top bunk fracturing his nasal and cheek bones and injuring his back and neck.  (*Id.* at 4, PageID.57; Doc. 19-1 at 1, PageID.62).  He was sent to Fountain Correctional Facility (Fountain) where he was given two Ibuprofen pills and returned to work release, where he wrote a request for medical treatment for his back and neck, but he was never seen by a nurse.  (*Id.*).  He avers each Defendant acted as though this never happened.  (*Id.*).  He then wrote a grievance that went up the chain of command, but no one wanted to talk to him about what occurred and there was no response to his request to see a doctor.  (*Id.*; Doc. 19 at 5-6, PageID. 58-59).  He "feels that the defendants negligently violated the appropriate standard of care."  (*Id.*).  He is seeking his medical records and body chart from Fountain and the hospital records and x-rays from Dale Medical Center, which were taken after he was released from prison.  (*Id.*).  He maintains that he continues to have pain.  (Doc. 19-1 at 1, PageID.52).  For relief, Plaintiff asks for payment of his hospital and medical bills at Dale Medical Center and for $50,000 in damages.  (*Id.* at 7, PageID.60).

Although these allegations are from his superseding amended complaint in the consolidated action, pertinent information is contained in his other pleadings.  In his amended complaint in *Holmes v. Mobile Work Release,* CA No. 19-0011-JB-MU (S.D.

---

[2] The other transferred action is *Holmes v. Mobile Work Release,* CA No. 19-0011-JB-MU.

Ala. 2019), Plaintiff advises that, "I explained to the doctor at Fountain what had happen[ed]. I also told him that I was not feeling right at all, and that maybe I had a concussion. He insisted that I was fine[,] gave me two ib[uprofen], sent me back to Mobile Work Release, w[h]ere I . . . work[ed], the next morning with . . . fractures across the bridge of my face." (Doc. 7 at 4, PageID.33). Because Plaintiff kept complaining, when he asked to go to a free-world doctor, he was released on December 21, 2016, and he then went to Dale Medical Center where they immediately took x-rays. (*Id.*). No information is contained in any of his pleadings about any medical treatment that he received at Dale Medical Center or anywhere else related to the fall and a diagnosis.

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his amended complaint (Doc. 19, PageID.54) under 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B)(i) requires that a claim be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*[3]

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*,

---

[3] *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). *Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w]' that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc. v. Cty. of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Furthermore, the court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III. Analysis.

#### A. Medical Claim.

Plaintiff's allegations against each of Defendant prison officials are substantially the same. He does not particularize his allegations to each individual Defendant, which is like the disfavored, fourth type of shotgun pleading described in *Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1323 (11th Cir. 2015). The *Weiland* Court found that "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* That is situation at hand.

Plaintiff claims that all Defendants negligently violated the appropriate standard of care. (Doc. 19 at 4-6, PageID.57-59). And all Defendants, but for Defendant Randolf, did not respond to his grievances, which he sent up the chain of command. (*Id.* at 5-6, Doc. 19-1 at 1, PageID. 58-59, 62). He wrote requests to be seen by a nurse and to go back to the doctor. (Doc. 19-1 at 1, PageID.62). He contends that "no one wanted to talk with [him] about what happened." (*Id.*). He thinks that there "should have been more concern" and "someone should have checked [on] what happen[ed] and seen if things were ok[ay]," but "they acted like nothing happen[ed]." (*Id.*).

Plaintiff's allegations do not let each Defendant know what he actually did to violate Plaintiff's constitutional rights. No date or time is provided, nor is a location provided. Thus, there is not factually sufficient information for Plaintiff to state a plausible § 1983 claim against each Defendant. *See Zatler v. Wainwright,* 802 F.2d 397, 401 (11th Cir. 1986) (finding that a plaintiff must establish a causal connection between *each*

defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional rights in order to state a claim upon which relief may be granted in a § 1983 action); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir.) (same), *cert. denied,* 464 U.S. 932 (1983).[4]

Additionally, in a § 1983 action, only conduct that violates the Constitution or a federal statute can serve as a basis for liability. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330-31 (1986). Conduct that is merely negligent does not violate the Constitution. *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 663, 667, 88 L.Ed.2d 662 (1986) (finding that the inmate was not entitled to damages for his back and ankle injuries because the Constitution was not violated when he slipped on a pillow *negligently* left in a stairwell).

Examining the substance of the claims, the Court finds that Plaintiff is bringing a medical claim against prison officials, who are not alleged to have medical training. In order to bring a medical claim under § 1983 for a violation of the Eighth Amendment, a plaintiff must allege a deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). To prevail on such as a claim, a plaintiff must show: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1306-07 (11th Cir. 2009). The deliberate indifference element of a medical claim requires: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross

---

[4] Plaintiff was previously provided information about the requirements for pleading a complaint in federal court and a § 1983 medical claim. (Doc. 18, pageID.50).

negligence." *Youmans v. Gagon,* 626 F.3d 557, 564 (11th Cir. 2010) (brackets, quotation marks, and citation omitted). A "[p]laintiff must demonstrate that a [d]efendant was 'both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [ ] must also [have] draw[n] the inference.'" *Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994)) (brackets in original).

Based on Plaintiff's allegations, he injured himself while at Mobile Work Release, was seen by a doctor at Fountain who thought Plaintiff was "fine" and gave Plaintiff medication, and was returned to work release.[5] Once back at work release, he complained and filed requests and grievances wanting to see a nurse and a free-world doctor. The only facts about his condition when he returned to work release are that he "continued to have pain." (Doc. 16-1 at 1, PageID.62). The law provides that prison officials are entitled to rely on medical judgments made by medical professionals if they are reasonable. *Williams v. Limestone Cty., Ala.,* 198 F. App'x 893, 897-98 (11th Cir. 2006)[6]; *Brennan v. Thomas,* 2017 WL 4015655 (M.D. Ala. 2017); *see Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993) (defendants who were not physicians were not deliberately indifferent when they failed to respond to the plaintiff's letters explaining his problem

---

[5] The Court takes judicial notice that Mobile Work Release (Community Base Facility/Community Work Center) is located in Eight Mile, Alabama, and Fountain Correctional Center is located in Atmore, Alabama, separate cities. www.doc.state.al.us/FacAddr (last visited Mar. 26, 2020). *See Shahar v. Bowers,* 120 F.3d 211, 214 (11th Cir.1997) ("courts ordinarily take judicial notice [of] . . . matters of geography"), *cert. denied,* 522 U.S. 1049 (1998); *Garnett v. Univ. Hosp.*, 2011 WL 37114343 (S.D. Ga. 2001) (taking judicial notice of the proximity the two courthouses); FED.R.EVID. 201(c).

[6] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

because the prisoner was being treated by the prison physician); *McRaven v. Sanders*, 577 F.3d 974, 981 (8th Cir. 2009) ("The law does not clearly require an administrator with less medical training to second-guess or disregard a treating physician's treatment decision." (quotation marks and citation omitted)). The exception to this rule is "an unusual case where it would be evident to a layperson that a prisoner is receiving inadequate or inappropriate treatment." *Id.* (quotation marks and citation omitted).

In the present action, Defendants were entitled to rely on Fountain's doctor's treatment of Plaintiff and finding that Plaintiff was fine, as was evidenced by Plaintiff's return to work release. No other allegations are present to indicate otherwise. *See Brennan v. Headley,* 2020 WL 1320891, at *9 (11th Cir. Mar. 20, 2020) (unpublished) (a nurse is entitled to "entitled to rely on medical judgments made by medical professionals responsible for prisoner care" because she "lacked power to treat [plaintiff] herself, prescribe him medication, or tell other doctors how to treat him"). Thus, Plaintiff has failed to demonstrate that Defendants had "a subjective knowledge of a risk of serious harm." *Youmans*, 626 F.3d at 564. And, in light of Plaintiff having received treatment and being returned to work release, an alternative holding is that Defendants' conduct at best was negligence which cannot serve a basis for liability in a § 1983 action. *Daniels,* 474 U.S. at 328, 106 S.Ct. at 663.[7] Accordingly, Plaintiff has failed to establish that Defendants were deliberately indifferent. Therefore, failing to establish this required element, Plaintiff

---

[7] "[D]eliberate indifference is a stringent standard of fault, requiring proof that [the] actor disregarded a known or obvious consequence of his action." *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 117 S.Ct. 1382, 1391, 137 L.Ed.2d 626 (1997). "But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer v. Brennan,* 511 U.S. 825, 838, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).

has failed to state an Eighth Amendment claim for the denial of medical care.  *Estelle*, 429 U.S. at 104-05, 97 S.Ct. at 291.

### B. Grievance Claim.

Plaintiff's other claim concerns his lack of response to his grievance(s).  However, "a prison grievance procedure does not provide an inmate with a constitutionally protected interest."  *Bingham v. Thomas,* 654 F.3d 1171, 1177 (11th Cir. 2011); *see Stallworth v. Wilkins,* 2020 WL 261659, at *2 (11th Cir. Jan. 17, 2020) (unpublished) (same); *Jernard v. Comm'r*, *Ga. Dep't of Corr.*, 457 F. App'x 837, 840 (11th Cir. 2012) ("This Court has specifically held that there is no constitutionally-protected liberty interest in access to a grievance procedure provided for voluntarily by a prison."); *Thomas v. Warner*, 237 F. App'x 435, 437 (11th Cir. 2007) ("We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."), *cert. denied*, 514 U.S. 1022 (1995).  Inasmuch as no constitutionally protected right to a grievance system exists, then no constitutional right to receive a response to a grievance exists.  *Thomas*, 237 F. App'x at 437.  Because no right to a grievance system or right to receive a response to a grievance exists, this claim is frivolous as a matter of law.

### IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.  A plaintiff

whose complaint does not state a claim is allowed one chance to amend his complaint "[w]here a more carefully drafted complaint might state a claim" before it is dismissed. *Lee v. Alachua Cty., FL*, 461 F. App'x 859, 860 (11th Cir. 2012) (citing *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir. 1991)). However, where the amendment would be futile, the district court does not need to allow the amendment. *Id.*; *Carter v. HSBC Mortg. Serv., Inc.*, 622 F. A'ppx 783, 786 (11th Cir. 2015). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Lee*, 461 F. App'x at 860.

If Plaintiff elects to file an amended complaint, it should be filed on the Court's § 1983 complaint form and cure the deficiencies noted in this Report and Recommendation and use the instructions provided in the Court's order dated January 22, 2020. (Doc. 18, PageID.50). If Plaintiff fails to use the Court-provided form, the Court may strike the second amended complaint and dismiss this action. The second amended complaint will replace the original complaint and prior amended complaints; therefore, Plaintiff shall not rely on them. The amended complaint shall contain only claims arising from the incident that served as the basis for the original complaint and shall contain all of claims from the incident. Plaintiff should read the directions contained on the complaint form and complete the complaint form in its entirety. The second amended complaint will be subject to the screening provision of § 1915(e)(2)(B). Plaintiff is advised that the statute of limitations for a § 1983 action filed in Alabama is two years. *Lufkin v. McCallum*, 956 F.2d 1104, 1106, 1108 (11th Cir.), *cert. denied*, 506 U.S. 917 (1992). The incident about which he complained occurred in November or December, 2016, more than two years ago. Thus, if Plaintiff was to re-file this action, instead of filing the second amended

complaint, the two-year statute of limitations normally would preclude the re-filed action from proceeding.  The Clerk is **DIRECTED** to send Plaintiff a complaint form for a § 1983 action.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P.  72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the 'court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 30th day of March, 2020.


<u>s/ P. BRADLEY MURRAY</u>
**UNITED STATES MAGISTRATE JUDGE**